IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID PADILLA,

        Petitioner,

vs.                                                         No. CIV 98-1135 JC/LFG

DONALD DORSEY,

        Respondent.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed September 16, 1998. Respondent filed his Answer on October 28, 1998. Petitioner David Padilla ("Padilla") challenges the judgment and sentence entered by the Second Judicial District Court in <u>State v. Padilla</u>, No. 94-2908 (County of Bernalillo, New Mexico). Padilla pled not guilty and was tried by a jury. He was convicted on January 29, 1996, and a Judgment and Sentence was entered on April 29, 1996. Padilla appealed his conviction, alleging insufficient evidence to support the conviction, abuse of the Court's discretion in using two separate juries while joining Padilla's trial with that of co-defendant Alex Ray Sanchez ("Sanchez"), other trial errors, and ineffective assistance of counsel. Padilla's conviction was affirmed by the New

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Mexico Court of Appeals on May 7, 1998, and the New Mexico Supreme Court denied certiorari on June 25, 1998. Padilla did not seek postconviction relief in the New Mexico courts.

2. Padilla presents the following grounds for federal habeas review:

<u>Ground One</u>: He was prejudiced as a result of dual juries in a single trial.

<u>Ground Two</u>: He was denied effective assistance of counsel in that his attorney failed to object when a venire member was named to the jury, even though this individual had been the subject of a peremptory challenge by defendant.

3. Respondent's Answer [Doc.12] asserts that Padilla has filed a mixed petition, because his ineffective assistance of counsel claim in the state court appeal was based on grounds other than those alleged in Ground Two of his federal habeas petition. Respondent seeks dismissal of the mixed petition, and requests in the alternative that the petition be denied on its merits, as it fails to state a constitutional claim.

## **Ineffective Assistance of Counsel**

4. Padilla states in his petition that he used one of his peremptory challenges to strike potential juror "Joan Lawler," but this person was placed on the jury in spite of the challenge. His attorney's failure to object to this waste of his peremptory challenge, Padilla argues, constitutes ineffective assistance of counsel.

5. Respondent claims that in his appeal, Padilla cited different grounds for his ineffective assistance of counsel claim, and that this claim is therefore unexhausted and renders the petition subject to dismissal as a mixed petition. In his docketing statement in the New Mexico Court of Appeals, Padilla listed as one of his issues, "whether defendant was denied effective assistance of counsel as a result of the late request for appointment of an expert witness" (Answer, Ex. B, at 9).

2

He did not mention the peremptory challenge issue.

6. The court assigned Padilla's appeal to the Summary Calendar and proposed summary affirmance (Answer, Ex. C). In his first memorandum in opposition to summary affirmance, Padilla argued only that his counsel failed to obtain the services of a DNA expert in a timely manner (Answer, Ex. D, at 12-13); in his second memorandum in opposition, he referred to the arguments raised in the first memorandum on this issue (Answer, Ex. F, at 6). In neither of these memoranda did Padilla discuss the peremptory challenge issue.

7. After Padilla filed his second memorandum in opposition, the court of appeals moved Padilla's appeal to the General Calendar (Answer, Ex. G), and briefs were thereafter filed. In his answer brief, Padilla argued for the first time that his counsel was ineffective for failing to object to placement on the jury of a peremptorily-struck venire member (identified in the brief as "John Lawler"; this juror will hereafter be referred to as "Lawler"). In the answer brief, Padilla's counsel characterized this new contention a "supplement" to his arguments on ineffective assistance of counsel and cumulative error (Answer, Ex. J, at 2).

8. The court of appeals addressed the dual-jury issue in a published opinion (State v. Padilla, 125 N.M. 665, 964 P.2d 829 (Ct. App.), cert.denied, 125 N.M. 322, 961 P.2d 167 (1998)), and dealt with other issues, including ineffective assistance of counsel, in a separate memorandum opinion (Answer, Ex. K). In the portion of the memorandum opinion dealing with ineffective assistance, the court did not mention the peremptory challenge issue at all; it focused only on the question of the DNA expert.

9. Respondent asserts that Padilla failed to exhaust the peremptory challenge issue. This is a close question but the Court need not reach it since, even if Padilla's actions did not constitute

exhaustion, the Court exercises its discretion to determine the issue on the merits.

10. New Mexico appellate procedure requires that an appellant's docketing statement provide a statement of the issues to be presented by the appeal. Rule 12-208(C), New Mexico Rules of Appellate Procedure, N.M.R.A. 1999. Because the New Mexico courts assign cases to calendars on the basis of the docketing statement, an issue not raised in the docketing statement will not be considered by the court if raised for the first time in appellant's brief. State v. Alderete, 88 N.M. 619, 620, 544 P.2d 1184, 1185 (Ct. App. 1976); State v. Aranda, 94 N.M. 784, 786, 617 P.2d 173, 175 (Ct. App. 1980). However, the court may in its discretion allow an amendment to the docketing statement, if a motion to amend is made prior to expiration of the original briefing time. Rule 12-208(E), N.M.R.A. 1999; State v. Rael, 100 N.M. 193, 195, 668 P.2d 309, 311 (Ct. App. 1983).

11. Padilla did not move to amend his docketing statement to add a new issue; instead, in the reply brief, he called the new argument a "supplement" to his already-docketed claim of ineffective assistance. Thus, it is arguable that Padilla did not "presen[t] to the state courts in a posture allowing full and fair consideration" the contention that his attorney erred in failing to object when Lawler was placed on the jury. *See*, Smith v. Atkins, 678 F.2d 883, 885 (10th Cir. 1982). The Court need not decide this issue, however, since it exercises its discretion to consider, and deny on the merits, this possibly-unexhausted claim. 28 U.S.C. §2254(b)(2); Granberry v. Greer, 481 U.S. 129, 131-33, 107 S. Ct.1671, 1673-74 (1987).

12. A habeas petitioner alleging ineffective assistance of counsel bears the burden of showing not only that his counsel's performance was constitutionally defective, but also that he suffered prejudice in that counsel's errors were so serious as to deprive him of a fair trial with a

4

reliable result. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Rogers v. United States, 91 F.3d 1388, 1391 (10th Cir. 1996). Petitioner has failed to meet this burden in the present case.

      13. An application for writ of habeas corpus may be entertained only on the ground that the petitioner's incarceration is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Even if the facts are as Padilla describes them, and he was deprived of a peremptory challenge by his attorney's failure to object when Lawler was placed on the jury, he has not been deprived of a right guaranteed by the constitution or federal laws. Lawler was not challenged for cause but rather was the subject of a peremptory challenge. The Supreme Court "reject[s] the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury. We have long recognized that peremptory challenges are not of constitutional dimension." Ross v. Oklahoma, 487 U.S. 81, 88, 108 S. Ct. 2273, 2278 (1988).

> [I]t is important to recall that peremptory challenges are not constitutionally protected fundamental rights; rather, they are but one state-created means to the constitutional end of an impartial jury and a fair trial. This Court repeatedly has stated that the right to a peremptory challenge may be withheld altogether without impairing the constitutional guarantee of an impartial jury and a fair trial.

Georgia v. McCollum, 505 U.S. 42, 57, 112 S. Ct. 2348, 2358 (1992). *See also*, United States v. McIntyre, 997 F.2d 687, 698 n.7 (10th Cir. 1993); Isiah v. Tansy, 25 F.3d 1057 (Table, Text in Westlaw, No. 93-2183), 1994 WL 237499, at *3 (10th Cir. June 3, 1994); State v. Sutphin, 107 N.M. 126, 128, 753 P.2d 1314, 1316 (1988) ("There is no constitutional right, either federal or state, which affords defendant peremptory challenges").

14. Padilla has not shown or even alleged that the challenged juror was biased or incompetent, nor that Lawler's presence on the jury rendered the proceedings unfair. He complains only that he was denied his full complement of peremptory challenges (Petition, at 5). This claim does not state a constitutional violation cognizable in a federal habeas action.

## Use of Dual Juries

15. Padilla's claim that the trial court denied him a fair trial by employing dual juries rather than completely severing his trial from that of his co-defendant Sanchez, was thoroughly briefed by the parties and addressed by the New Mexico Court of Appeals in its opinion, and

> a federal court is precluded from granting habeas relief on any claim adjudicated on the merits by the state court, unless the state proceeding 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,' . . . or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,' . . . In addition, we presume the factual findings of the state court are correct unless petitioner can rebut this presumption by clear and convincing evidence.

Smallwood v. Gibson, 191 F.3d 1257, 1264-65 (10th Cir. 1999), *citing* 28 U.S.C. §2254(d), amended in 1996 by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which "increases the deference to be paid by the federal courts to the state court's factual findings and legal determinations." Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir. 1997).

> The Supreme Court of the United States sets the bounds of what is "reasonable"; a state decision within those limits must be respected – not because it is right, or because federal courts must abandon their independent decisionmaking, but because the grave remedy of upsetting a final judgment entered by another judicial system after full litigation is reserved for grave occasions. That is the principal change effected by §2254(d)(1).

Lindh v. Murphy, 96 F.3d 856, 871 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S. Ct. 2059 (1997). An application of law to facts is unreasonable "only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect." Roberts v. Ward, 176 F.3d 489 (Table, text in Westlaw, No. 98-6066), 1999 WL 162751 (10th Cir. Mar. 25, 1999), petition for cert. filed Oct. 4, 1999, *quoting from* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996). This Court cannot say that the decision of the New Mexico Court of Appeals was contrary to established federal law, or was based on an unreasonable determination of the facts in light of the evidence. Padilla's dual-jury claim thus does not justify federal habeas relief.

16. The court of appeals identified the dual-jury issue in this case as "whether the [trial] court acted within its discretion to empanel dual juries to resolve the Bruton problem," which the court defined as "the prejudice that a defendant suffers when the state introduces at a joint trial with one jury a statement by a non-testifying codefendant which incriminates the other defendant." State v. Padilla, at 831-32 (referring to Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620 (1968)).

17. In his petition, Padilla's primary complaint about the use of the dual juries focuses on the fact that certain portions of a police detective's testimony, given in the presence of the Padilla jury, could have led the jury to speculate that co-defendant Sanchez had implicated Padilla in the crimes, even though the detective did not directly reveal the contents of Sanchez's statement. As further grounds, Padilla states in his petition without elaboration, "Additionally, with respect to the dual juries petitioner will argue: 2) guilt by association 3) the trial court impermissibly summarizing the evidence 4) commingling of the jury panels." (Petition, at 5). These issues were

7

addressed and resolved by the state court.

18. The dual-jury issue was one of first impression in New Mexico at the time of the opinion in Padilla's case. The court of appeals noted that no other jurisdiction had ruled that the use of dual juries, as an alternative to severance, was *per se* prejudicial. The court held that there was no Bruton violation at Padilla's trial arising from the detective's testimony that he obtained Sanchez's name from a license plate inquiry and thereafter compiled a photo array containing Padilla's photograph. The court rejected Padilla's argument that "the jury would have necessarily inferred that the investigation focused on Defendant because Sanchez implicated him," State v. Padilla, at 833, and it noted that the Padilla jury was on notice that they should not be concerned with the reasons why Padilla had been included in the photo array. Furthermore, the trial court instructed the jury not to speculate but rather to determine the facts from the evidence presented and, in addition, the State offered a reasonable explanation as to why Padilla became a suspect, apart from any statements by Sanchez. "Under these circumstances, and in light of substantial testimony identifying Defendant as the perpetrator, there is no indication that the jury would have been aware of any confession by Sanchez." State v. Padilla, at 833.

19. Padilla also claims that the two juries were "commingled." He does not otherwise explain what he means by this; however, he did allege in his state court appeal that one of the jurors on his panel discussed the case with other jurors from both panels during the course of the trial. The court of appeals held that the record did not support this claim, noting that the trial judge, at the request of defendant, called this particular juror to the bench while the trial was in recess, questioned her, and made a determination that the juror had not in fact discussed the case with other jurors. After admonishing her to follow the court's initial instructions to the jury, the

8

court allowed her to remain on the panel. The court of appeals held that this was not an abuse of discretion and did not render the trial unfair. State v. Padilla, at 832-33.

20. Padilla also states in his petition that the dual-jury procedure was prejudicial because it created "guilt by association." He does not give any further details of this claim, and generalized allegations are insufficient to support habeas relief. Hatch v. State, 58 F.3d 1447, 1469-70 (10th Cir. 1995). It has also been held that "[a]llegations based on a generalized possibility of harm" are not sufficient to defeat a request for dual juries, "since careful instruction by the judge would eradicate any possible carryover of guilt from one defendant to the other." United States v. Gonzales, 610 F. Supp. 568, 572 (D.P.R. 1985). The New Mexico Court of Appeals held that there was no evidence on the record of confusion or impropriety in the dual-jury proceedings at Padilla's trial.

21. The record showed that the trial court explained the dual-jury procedure and cautioned the jurors on both panels not to speculate about the reason for the two juries, nor to discuss the case with members of either jury. The trial court also warned the State that a mistrial would be ordered if any portion of Sanchez's statement came before Padilla's jury. Furthermore, the two witnesses whose testimony was withheld from Padilla's jury testified before and after natural breaks in the trial, thus minimizing the possibility that the Padilla jury would be aware that they were missing something and would speculate about what it was. The court concluded that Padilla failed to establish that he was prejudiced by the dual-jury trial. State v. Padilla, at 834.

22. Padilla's final allegation of dual-jury prejudice, based on the trial court "summarizing the evidence," is unexplained in the petition; however, the court of appeals found no evidence of "impropriety or confusion in the dual-jury proceedings," State v. Padilla, at 832. The dual-jury

9

procedure is not a violation of due process unless it "cause[s] specific prejudice to someone's defense at trial." United States v. Lewis, 716 F.2d 16, 20 (D.C. Cir. 1983). The New Mexico Court of Appeals, in a thorough and well-reasoned opinion, held that the trial court in this case carefully controlled the trial and utilized a potentially prejudicial procedure in a way that afforded Padilla due process and a fair trial, and the state court's rulings are entitled to deference in this federal habeas proceeding.

## Recommended Disposition

That the petition be denied and the action be dismissed with prejudice.

*[signature]*
Lorenzo F. Garcia
United States Magistrate Judge